UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LIONEL SANTIAGO,

    Plaintiff,

v.

BAXTER HEALTHCARE S.A.,
BAXTER HEALTHCARE CORPORATION
OF PUERTO RICO,

    Defendants.

Civil No. 12-2029 (JAF)

## **OPINION AND ORDER**

Before the court is Plaintiff's motion to remand this case to Commonwealth court. (Docket No. 12.) Removing Defendant Baxter Healthcare S.A. ("BHSA"), opposed. (Docket No. 19.) For the following reasons, we grant Plaintiff's motion to remand the case.

### **I.**

### **Factual Synopsis**

Plaintiff originally filed this suit in Puerto Rico's Court of First Instance in Aibonito. Plaintiff's complaint alleges a number of claims under Puerto Rico employment laws for wrongful discharge and discrimination. (Docket No. 1-1, translation at Docket No. 8-1.) BHSA removed this case to our court, invoking the federal removal and diversity statutes, see 28 U.S.C. §§ 1332(a)(3) and 1441. (Docket No. 1.) Baxter Healthcare Corporation of Puerto Rico ("BHCPR") did not join the petition for removal. (Id.)[1]

---

[1] Removal requires that all parties before the court join in the petition for removal. Of course, there is also the requirement that complete diversity be present.

## II.

## **Legal Standard for Motion to Remand**

28 U.S.C. § 1441(b) provides the mechanism for removing a state court case to federal court. A case may be removed to federal court "if it presents a 'claim or right arising under the Constitution, treaties or laws of the United States.'" Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004) (citing 28 U.S.C. § 1441(b)).

Once a suit has been removed, 28 U.S.C. § 1447 (2006) "provides for remand if 'the case was removed improvidently and without jurisdiction.'" Ochoa Realty Corp. v. Faria, 815 F.2d 812, 815 (1st Cir. 1987) (citing 28 U.S.C. § 1447). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 U.S.C. § 1447(c).

BHSA, as the party opposing remand and urging jurisdiction, has the burden to demonstrate this court's subject matter jurisdiction. See Hertz Corp v. Friend, 130 S.Ct. 1181, 1194 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.") (citations omitted); see also Oakes Fed. Proc., L. Ed. § 69:134 ("Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.").

Under 28 U.S.C. § 1332(a)(1), a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This statute requires

Civil No. 12-2029 (JAF) -3-

complete diversity between all plaintiffs and defendants. Id.; see also Picciotto v. Continental Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008).

28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Interpreting this language, the Supreme Court has held that:

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . and in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings.

Hertz, 130 S.Ct. at 1192.

In its opposition to remand, BHSA notes that it has submitted two affidavits prepared by executives of BHCPR and BHSA. (Docket No. 19 at 13.) The affidavits were submitted in support of BHSA's notice of removal. (Docket Nos. 1-4; 1-5.) One of BHSA's affidavits, prepared by Peter Nicklin, President of the Board of Directors of BHSA, establishes conclusively that BHSA's principal place of business is outside of Puerto Rico. (Docket No. 1-4.) The affidavit states that BHSA is a foreign corporation organized under the laws of Switzerland, with corporate headquarters located in Opfikon, Switzerland. (Id.) Most or all of the officers and directors of BHSA have resided and worked in Switzerland or

Civil No. 12-2029 (JAF) -4-

the European Union; all major business decisions, corporate resolutions, and executive matters of the corporation are handled and executed in Switzerland. (Id.)

It is less clear whether BHCPR can be considered anything other than a citizen of Puerto Rico, especially when it has not joined the removal petition. Even its name suggests that its "principal place of business" is Puerto Rico. The only evidence that Defendants have provided in support of BHCPR's foreign citizenship are a two-page affidavit by John M. O'Connor, Assistant Secretary of BHCPR, and a document from the Puerto Rico Department of State showing that BHCPR is organized under the laws of the State of Alaska. (Docket Nos. 1-5; 1-6.) We find this evidence insufficient to carry Defendants' burden of demonstrating diversity jurisdiction.

O'Connor's affidavit states that "currently and for the at least the last five years, all of the officers and directors of BHCPR have resided and worked in Illinois except for Mr. Victor Valentin Feliciano, who resides or resided in Puerto Rico and worked as one of BHCPR's directors and Assistant Secretaries until March 2008 and Mr. Christian Perez who resides in Florida and has been an Assistant Secretary since March 17, 2008." (Docket No. 1-5 at 2.) The affidavit also states that currently and since 2007, "all business activities" of BHCPR have been directed and controlled from Deerfield, Illinois. (Id.) Somewhat confusingly, the affidavit goes on to state that "[o]ther than Mr. Valentin, since the incorporation of the company, the highest ranking employees of BHCPR in Puerto Rico have been plant managers. These plant managers used to report directly to Deerfield, Illinois, and had no authority to make major executive decisions without the express

authorization of the directors and officers for BHCPR in Illinois." (Id.) There is no explanation for why this sentence uses the past tense rather than the present, or what the responsibilities of both Mr. Valentín and Mr. Pérez are.

Finally, the affidavit states that "[c]urrently and for at least the last five years, all corporate resolutions and executive matters pertaining to BHCPR have been handled and executed from Deerfield, Illinois." The affidavit states that all corporate official records pertaining to BHCPR are also kept in Illinois. (Id.)

On the other hand, Plaintiff has provided evidence that at least some business decisions are taken in Puerto Rico, aside from the fact that BHCPR also seems to be carrying out substantial business activities in Puerto Rico. He provides a copy of the letter that informed him that his employment was being terminated. (Docket No. 12-1, translation at Docket No. 20-1.) The memorandum is addressed to Plaintiff, and is signed by Margarita Cruz, Director of Manufacturing ("Directora de Manufactura"). There is no indication on the form of who took the decision to dismiss Plaintiff, or which entity bears responsibility for his dismissal. The form bears the generic title "Interoffice Memo" and has only the word "Baxter" in the upper right-hand corner. (Id.) The letter does, however, refer to occurrences at the plants in Jayuya and Aibonito, both cities in Puerto Rico.[2] (Id.) Moreover, in their opposition brief, Defendants concede that the letter was sent by Cruz,

---

[2] Plaintiff submits an affidavit attesting to the truthfulness of all the allegations in the motion to remand. (Docket No. 12-2.) Plaintiff also notes that in past cases, including one case that was tried before the Puerto Rico Supreme Court, see Velez Cortes v. Baxter Healthcare Corporation of Puerto Rico, Inc., 179 D.P.R. 455 (2010), BHCPR never asserted federal diversity jurisdiction, and consented to jurisdiction by the Puerto Rico Commonwealth courts. (Docket No. 12 at 5.)

whom they refer to as the Manufacturing Director of their Aibonito Plant. (Docket No. 19 at 12.)

We find that Defendants have failed to carry their burden of demonstrating the existence of complete diversity jurisdiction. There is not enough evidence to conclude that BHCPR's principal place of business is outside of Puerto Rico. The affidavit provided by O'Connor is too barebones and ambiguous to justify a finding that BHCPR is anything other than what its name and preponderance of manufacturing operations suggest—a citizen of Puerto Rico, with its principal place of business here. Defendants claim that "all business decisions" of BHCPR are taken in Illinois, but it is clear that at least some important personnel decisions—such as Plaintiff's dismissal—are implemented by personnel in Puerto Rico. Defendants provide no explanation for which decisions are made in Puerto Rico and which are reserved for Illinois. We also think that Defendants' descriptions of the discretion given to plant managers, and to officers Valentín and Pérez, are simply too ambiguous to accept that "all business activities" are carried out in Illinois and not Puerto Rico, irrespective of some decision-making in Illinois. We note that there is precedent in this district for courts looking past the mere formalities of corporate documents when determining citizenship. See Salzano-Pascuzzi v. Lucas Insertco Pharm. Printing Co. of P.R., 135 F.Supp.2d 277, 281 (D.P.R. 2001) (remanding case after finding that the "principal place of business" of foreign-owned corporation was in Puerto Rico). Because Defendants have failed to carry their burden of demonstrating complete diversity, this case will be remanded to Commonwealth courts.

### III.

### Conclusion

Given the foregoing, we hereby **GRANT** Plaintiff's motion to remand (Docket No. 12). The case is **REMANDED** to Commonwealth courts.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 3th day of April, 2013.

> s/José Antonio Fusté
> JOSE ANTONIO FUSTE
> United States District Judge